**PROGRESSIVE TRANSPORTATION SERVICES, INC., Plaintiff,**

v.

**COUNTY OF ESSEX, Clifford R. Donaldson, Jr., and James E. Pierce, Defendants.**

No. 96–CV–1697.

United States District Court, N.D. New York.

Nov. 28, 1997.

Hinman, Howard & Kattell (Albert Millus, Jr., of counsel), Binghamton, NY, for Plaintiff.

Donohue, Sabo, Varley & Armstrong (Kenneth Varley, of counsel), Albany, NY, for Defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

In this 42 U.S.C. § 1983 and state law breach of contract action both sides have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Due to both sides' failure to comply with the Local Rules of the Northern District of New York the instant motions must be denied.

This case presents yet another example of what has become an almost habitual failure on the part of litigants in this district to recognize the importance of a proper Local Rule 7.1(f) Statement. Rule 7.1(f) of the Local Rules for the Northern District of New York provides as follows:

> On a motion for summary judgment pursuant to Fed.R.Civ.P. 56, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue, **with specific citations to the record where such facts are set forth.** The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue, with specific citations to the record where the factual issues arise. All material facts set forth in the statement served by the moving party shall be deemed admitted unless controverted by the statement served by the opposing party. **The motion for summary judgment shall be denied if the moving party fails to file**

**and serve the statement required by this paragraph.**

N.D.N.Y. L.R. 7.1(f) (emphasis added).

Rule 7.1(f) is not a suggestion, nor is it a rule of general guidance upon which attorneys are free to impose their own interpretations of what must be submitted. The rule is designed to implement the framework mandated by Rule 56 for deciding a summary judgment motion: summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Furthermore, the *movant's* Rule 7.1(f) Statement is particularly crucial to this determination because the burden of demonstrating that no genuine issue of material fact exists falls solely on the moving party. *See, e.g., Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317 (2d Cir.1975).

Here, neither party has complied with Rule 7.1(f). Throughout their Rule 7.1(f) Statements, neither party provides even one factual citation, let alone "specific citations to the record where the factual issues arise." N.D.N.Y. L.R. 7.1(f). Plaintiff's Rule 7.1(f) Statement contains fourteen paragraphs, not one of which has a citation to the record. Defendants' Rule 7.1(f) statement in opposition is even more egregious. Its two unnumbered paragraphs contain the following: "defendants state that it agrees with paragraphs '1', '4', '9', '11' and '14'. Defendants disagree with paragraphs '2', '3', '5', '6', '8', '12' and '13'." [1] The parties' cross-motion papers are similarly deficient.

This is precisely the scenario to which Rule 7.1(f) is aimed. In requiring full and strict compliance with Rule 7.1(f), the Court is not splitting hairs. As we have noted before, the rule has a crucial function:

Rule 7.1(f) was drafted to force litigants to focus sharply on the specific factual issues in dispute. By doing this, and providing precise citations to the record where the disputed [or undisputed] facts are located, both the parties and the Court can move immediately to the gravamen of the case; absent this forced focus, the parties' briefs can remain, as is often the case, as "two ships passing in the night."

*Cossack v. Burns*, 970 F.Supp. 108, 111 (N.D.N.Y.1997); *see also Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995) (stating that local rules like 7.1(f) "serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way—thus facilitating its judgment of the necessity for trial.").

If compliance with Local Rule 7.1(f) can be accomplished with the minimal statements provided here, any benefits inuring from Rule 7.1(f) would be completely eviscerated. Accordingly, because Plaintiff has failed to comply with Rule 7.1(f), its Motion for Summary Judgment is denied in its entirety. Similarly, because Defendants have failed to comply with Rule 7.1(f), Defendants' Cross-Motion for Summary Judgment is denied in its entirety.

**IT IS SO ORDERED.**

---

[1] This is not the first time the Court has received a Rule 7.1(f) Statement written in this fashion. The Court cannot fathom how any attorney can read Rule 7.1(f), which states that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue, with specific citations to the record where the factual issues arise," and believe that the rule requires nothing more than a listing of the paragraph numbers as to which a dispute is asserted. This is clearly unacceptable.